## ALPHEUS M. STETSON vs. JAMES D. O'SULLIVAN & wife.

A deputy sheriff cannot, by virtue of an execution, sell and convey an equity of redemption of land of the judgment debtor to the debtor's wife; but the title remains in the husband, notwithstanding such conveyance.

If upon such sale and conveyance the debtor and his wife mortgage the premises to secure their joint note for the price of the equity, she is not liable upon the note. Upon payment of the sums secured by the mortgages upon the land, the title is in the husband. And if such payment is made by her out of her separate funds, and it does not appear that the land is worth more than the sums so paid by her, a conveyance thereof by him to her, through the intervention of a third person, within a few days prior to his going into insolvency, may be sustained, if not shown to have been actually fraudulent.

WRIT OF ENTRY. It was agreed, in the superior court, that the tenant, James D. O'Sullivan, being the owner of the demanded premises, mortgaged the same to the Suffolk Mutual Loan and Accumulating Fund Association on the 28th of April 1857; that in 1859 his equity of redemption thereof was attached in suits brought against him by creditors, and sold by Bayley, a deputy sheriff, on the executions which were obtained, to the tenant Ellen O'Sullivan, then and now the wife of the other tenant, and said Bayley executed a deed of the same to her on the 19th of September 1859; that she paid no money upon receiving said deed, but on the same day gave therefor the joint note of herself and her husband, payable in six months, and secured by mortgage of the equity, to Crafts and Ward, who were attaching creditors; that she paid fifty dollars from her separate property upon this note at its maturity; that on the 23d of March 1862 said James paid to her the sum of seven hundred and thirty dollars, which he had previously borrowed of her; that with this money, on the 27th of March 1862, and in her husband's presence, she paid the amounts due upon both of said mortgages, the first of which was assigned to him, and the other was discharged; that on the 1st of May following he conveyed the premises, for a nominal consideration, to Charles J. McCarthy, who on the same day conveyed the same to her; and that on the 5th of said May said James went into insolvency,

and his assignee sold and conveyed the premises to the demandant.

Upon these facts judgment was rendered in the superior court for the demandant, and the tenants appealed to this court.

*R. M. Morse, Jr.,* for the tenants.

*J. D. Thomson,* for the demandant.

CHAPMAN, J.    On the 28th of April 1857, the title to the demanded premises being in the defendant, James D. O'Sullivan, he made a mortgage of the same to the loan and fund association.    On September 19th 1859 the deputy sheriff, Bayley, having attached the equity of redemption on mesne process, and also taken it on execution against James D. O'Sullivan, sold the same and made a deed thereof to the defendant Ellen, the wife of James.    But no title passed by this deed.    Such a conveyance is made by an officer by virtue of a power created by statute.    *Dow* v. *Lewis,* 4 Gray, 468.    His attachment on mesne process and levy of the execution do not pass the title to himself, but merely create a statute lien for the benefit of the creditor.    When the sale is made, his deed conveys the title of the debtor to the purchaser, and not any title of his own.    If therefore, he could make a valid deed to the debtor's wife, it would operate as a conveyance of the husband's title directly from him to the wife.    A wife has always been held incompetent to take a title directly from her husband during coverture, and the fact that the conveyance is executed by an officer by virtue of a statute power is not much less objectionable than a deed executed by the husband himself to his wife.    The statute reserves to the debtor a right to redeem the property within one year, by paying or tendering to the purchaser the sum for which it was sold, with interest, and the amount expended for taxes, repairs and improvements, deducting rents and profits.    The purchaser must make and acknowledge a deed of release to him, and, upon his refusal to render an account and execute a release, the debtor may bring a suit against him.    The policy of the law is so strongly opposed to transactions of such a character between husband and wife that they could not have been within the contemplation of the statute.

But on the same day both the tenants joined in a mortgage deed of the premises to Crafts and Ward, to secure the payment of their joint note. The title to the equity of redemption, not having passed to Ellen, was still in James D. O'Sullivan, and passed by that conveyance in mortgage. The note was valid against him, though not against her; because, as the property had not passed to her, she was not authorized by *St.* 1857, *c.* 249, to make such a contract, though it was to raise the purchase money for the equity. The case of *Parker* v. *Kane,* 4 Allen, 346, is not applicable to the facts in this case.

When Crafts and Ward discharged their mortgage on the 27th of March 1862, the title to the equity of redemption was thereby revested in James D. O'Sullivan, and the assignment of the mortgage of the loan and fund association to him on the same day left the whole estate in him without incumbrance. On the first of May 1862, he quitclaimed the land to Charles J. McCarthy, on condition that McCarthy should convey it to the wife, and on the same day McCarthy conveyed it to her for a nominal consideration. This was a few days before the husband went into insolvency. But it does not appear that there was any fraud in the transaction, and the deed of the husband to McCarthy recites that the wife had paid the whole amount due on the mortgage to the loan and fund association, and it appears that she also paid the amount due on the mortgage to Crafts and Ward with her own money. It does not appear that the land was of greater value than the amount thus paid for it by her. On the contrary, if the sheriff's sale was fair, she paid to him, through Crafts and Ward, the full value of the equity of redemption, and was equitably entitled to the land when the mortgage of the loan and fund association was assigned to her husband. The object of the deeds of her husband and Mc-Carthy was to vest in her the legal title, which she ought equitably to have.

It is not stated that her husband had any creditors at the time of the conveyance to her, though his going into insolvency five days afterwards makes it extremely probable that he was then in debt. In the facts stated there is nothing to show that

the conveyance was fraudulent as to creditors, or contrary to the provisions of the insolvent law. The title of Ellen O'Sullivan must therefore be regarded as valid under the deed of McCarthy.

*Judgment for the tenants.*